Bill by the assignee of a promissory note on a non-resident, alleging *obligor's wife's father* had died abroad, and certain persons being indebted to him in the circuit, administration had been granted by the court of the county, to residents of an adjacent county, and praying for a decree for the money against the administrators, or their debtors.

## *Hughes &c. vs. Craig.*

Error to the Mason Circuit; W. P. ROPER, Judge.

### *Jurisdiction. Garnishee. Non-residents.*

Chief Justice BIBB, delivered the Opinion of the Court.

CRAIG, as assignee of Johnston, held a note on Allen B. Hughes, on which he claims a balance as due of $228 54. In March 1822, Craig exhibited his bill against said Hughes and his wife, in the Mason circuit court, stating that they were non-residents; that Betsey, the wife of said Hughes, as the daughter of Richard Tilton deceased, was entitled to a large sum out of her father's estate; that John Tilton and Enoch Tilton administered upon the estate of said decedent in the county of Mason, and he apprehends that the administrators will pay off the share of said wife to her husband unless restrained; therefore they obtained an order restraining the administrators from paying the sum due Craig. By an amended bill of the 29th Nov. 1822, it is stated that Tilton died in the state of Indiana, but that said John and Enoch administered in Mason county in this state: that a much larger amount than the complainant's demand against Hughes, is due to the administrators of Tilton from John Robertson and Jilson Hambrick, of Mason county, and they are made defendants, with a prayer that they disclose how much they owe, and for a decree against them for the amount of Craig's demand, alleging that the administrators live in Harrison county, and will divide these debts when collected, with Hughes and the other distributees of said Tilton deceased.

Process executed on resident defendants in their proper counties, and publication against non-resident debtor.

Decree of the circuit court.

An order of publication was made against Hughes and wife, and a subpœna to Harrison county was executed on *John Tilton* and *Enoch*, the administrators, before the amended bill was filed; afterwards a subpœna to the sheriff of Mason was executed on Robertson and Hambrick.

Upon hearing, the bill is taken *pro confesso* against all the defendants for want of appearance and answer; and a decree is made against Allen B. Hughes and the said administrators of Tilton, and Robertson and Hambrick, that they pay Craig his demand.

and in case the administrators pay it, that they shall be entitled to a credit for so much out of the share of Hughes and wife in the estate of the decedent; and in case said Robertson or Hambrick shall pay it, the one so paying shall be entitled to a credit for so much due by him to the administrators.

The decree against Robertson and Hambrick cannot be sustained. Craig has stated no case to justify the court in diverting the rights and credits of the decedent from the due course of administration, and from the hands of the administrators. They were not indebted to Hughes, nor his wife, nor had any effects belonging to them.

The process to Harrison against the administrators was not authorized. There is nothing in the bill which laid a sufficient foundation for the jurisdiction of the Mason circuit court: Hughes and wife were absentees, living without the jurisdiction of the court: Robertson and Hambrick were not debtors to Hughes, and therefore were not proper garnishees; they had no effects of Allen B. Hughes in their hands: and the other defendants, the administrators, were in Harrison, out of the jurisdiction of the circuit court of Mason; and therefore the whole proceeding is irregular and unwarranted.

It is the opinion of this court that there is no foundation in the bill for the jurisdiction of the circuit court of Mason. It is therefore ordered and decreed, that the decree of the said circuit court be reversed, that the case be remanded to that court, with direction to dismiss the bill and amended bill, as being for matters not proper for the cognizance and jurisdiction of that court.

Plaintiffs in this court to be paid their costs.

*Crittenden* for plaintiffs; *Triplett* and *Brown* for defendants.

HUGHES &c.
vs.
CRAIG.

Circuit court of Mason where the administrators did not reside and were not served with process, had not jurisdiction.